FLETCHER v. VANDUSEN ET AL.

1. **Partnership**: SETTLEMENT OF: INJUNCTION. Facts considered which were held to authorize the issuance and continuance in force of an injunction restraining the surviving member of a partnership and other from disposing of the partnership assets, pending a settlement of the firm accounts.

*Appeal from order of the judge of Harrison District Court*

FRIDAY, DECEMBER 5.

ON the 12th day of February, 1879, the plaintiff applied to the Hon. C. H. Lewis, judge of the Harrison District Court, for a temporary injunction against the defendants, and the appointment of a receiver. The petition in which this application was made is entitled in the District Court of Harrison County, August term, 1879, and sets forth at great length, and with much particularity of detail, facts of which the following is the substance: That plaintiff is the administratrix of the estate of J. B. Fletcher, deceased; that on the 7th day of October, 1870, J. B. Fletcher and Albert Vandusen, under an agreement not in writing, entered into a partnership for farming, dealing in live stock, and such other enterprises as they should thereafter undertake, to the capital of which they were to contribute, and in the losses of which they were to share, equally; that said partnership was carried on under said agreement until the death of said J. B. Fletcher, on the 19th day of December, 1878; that J. B. Fletcher and Albert Vandusen, in the prosecution of their co-partnership business, purchased certain lands in the petition described, containing in all 420 acres, of the value of $8,400; that the title to all of said real estate was taken in the name of the defendant Albert Vandusen, in trust for said partnership, and was so held by him until the 16th day of October, 1876; that said J. B. Fletcher and the defendant Albert Vandusen, in the prosecution of their co-partnership business, purchased and raised a large number of horses, cows, hogs and other live stock, and purchased a large number of agricultural implements and

other chattels, and raised a large quantity of corn, wheat and other crops, the legal title to all of which was held by Albert Vandusen in trust for the partnership; that on the 16th day of October, 1876, said J. B. Fletcher and the defendant Albert Vandusen had on their farm, and owned in co-partnership, the following personal property, to-wit: Seven horses, two mules, two colts, twenty-seven cows, twenty-four calves, fourteen yearlings, one hundred pigs, thirty hogs, one heading machine, one reaper and mower combined, three wagons, five plows, three two-horse cultivators, three set double harness, one hundred and forty-five acres of corn in the field, two hundred and fifty bushels of wheat, four hundred bushels oats and seventy-five tons of hay, of the value of about $5,450; that on or about the 16th day of October, 1876, the defendant Albert Vandusen conveyed the legal title to a part of the land in petition described to his son, Job Vandusen, defendant herein, which said conveyance was without consideration, and was taken by the said Job Vandusen with full knowledge that said real estate was the property of the co-partnership; that on or about the 16th day of October, 1876, the said Albert Vandusen conveyed the legal title of the residue of the real estate in petition described to his wife, Louisa Vandusen, defendant herein, which conveyance was without consideration, and was taken by Louisa Vandusen with full knowledge that the real estate so conveyed was the property of said co-partnership; that on or about the 16th day of October, 1876, the said Albert Vandusen transferred the legal title to the personal property described in the petition to the defendant Louisa Vandusen, which transfer was without consideration, and with full knowledge that the property belonged to said co-partnership; that at the time of the death of J. B. Fletcher, he and the defendant Albert Vandusen had and owned in partnership on their said farm certain personal property in the petition described, of the value of about $6,600, the title to which the defendant Louisa Vandusen holds in trust for said co-partnership; that during the years 1873 and 1874 the said J. B. Fletcher and Albert Vandusen also engaged in the business of brick making, and of running and operating a bil-

Vol. LII—29.

liard hall and saloon in Harrison county, under and pursuant to their agreement of partnership, and that during the years 1874 and 1675, under and in pursuance of said agreement, they prosecuted the business of buying and shipping live stock and grain, and of running and operating a saloon and billiard hall at Blair, in Washington county, Nebraska, and that, during the continuance of said co-partnership, they, at divers times, carried on and prosecuted divers other business enterprises, in pursuance of their aforesaid agreement; that said J. B. Fletcher advanced large sums of money toward the capital of said co-partnership, and that said co-partnership prosecuted a large and lucrative business in farming, stock raising and the other business enterprises aforesaid, and realized therefrom large profits; that at the time of the death of J. B. Fletcher there was on hand, belonging to said co-partnership, besides the real and personal property already described, four cows in the possession of Albert Topping, defendant, of the value of $120; ten cows in the possession of Caleb Gregg, defendant, of the value of $300; one cow in the possession of I. N. Wiley, defendant, of the value of $30; four cows in the possession of Warren White, defendant, of the value of $120, and also book accounts, notes and other demands, in the possession of the defendants Albert and Louisa Vandusen, of the estimated value of about $500, making the whole amount of real and personal property, and effects and assets of said co-partnership, at the time of the death of said J. B. Fletcher, about $17,070; that the debts and liabilities of said co-partnership at the time aforesaid amounted to about $5,000, all of which ought to be paid out of the property and effects belonging to said co-partnership; that the balance represents the present value and worth of said co-partnership, amounting to not less than the sum of $12,000; that said Fletcher and said defendant Albert Vandusen were each entitled to share one-half the capital, profit and present value of said co-partnership, after the discharge of its debts.

That after the death of J. B. Fletcher the defendants Albert and Louisa Vandusen continued, and still continue, in possession of all the real estate, personal property and effects

of said co-partnership, and to manage and carry on said business, to sell and dispose of the personal property, and to collect the debts and choses in action, and appropriate the proceeds to their own use; that, with the exception of the real estate held by the defendant Job Vandusen, and the nineteen cows held by the defendants Topping, Gregg, Wiley and White, all the real estate and personal effects and assets of said co-partnership are in the possession and under the sole control and management of the defendants, Albert and Louisa Vandusen, who continue selling and disposing of the personal property, and reducing the same to money as fast as it can be done, without accounting to plaintiff for any part thereof, and without applying any portion to the payment of the debts of said co-partnership; that the defendants Tapping, Gregg, Wiley and Warren have, severally, in their possession the cows mentioned, which they hold subject to the order of the defendants Albert and Louisa Vandusen; that within a few days last past the defendants Albert and Louisa Vandusen have sold to the defendants King, Winch, Bolter and Logan, respectively, a large number of cattle and horses belonging to said co-partnership, with the intention of appropriating the proceeds to their own use, the purchase price whereof has not been paid, but is held subject to the order of the said Vandusens; that within a few days last past the defendants Riley and Dellone have caused the sheriff of Harrison County to levy upon, by virtue of an execution in their favor against Albert Vandusen, a large quantity of corn as the individual property of said Vandusen; that the defendants Albert, Louisa and Job Vandusen are insolvent and unable to give any security for the payment to said plaintiff as administratrix of the value of the interest of said Fletcher in said co-partnership, and that unless they be restrained from selling the property and collecting the proceeds, and unless the defendants Topping, Gregg, Wiley and White be restrained from delivering the property in their possession to the order of Albert and Louisa Vandusen, and unless the defendants King, Winch, Bolter and Logan be restrained from paying for the property sold and delivered to them, and unless the defendants Riley and Del-

lone, and McArther, as sheriff, be restrained from selling the property levied upon, the property and assets of said co-partnership are in danger of being wholly lost to said co-partnership and to said plaintiff as administratrix of the estate of said Fletcher, deceased.

The petition prays that an account be taken of the partnership business; that the defendants Albert and Louisa Vandusen be required to account for all their dealings with the partnership property; that the real estate and personal property be sold, and the debts of the co-partnership paid; that the defendants Louisa and Job Vandusen be required to transfer to said co-partnership all the property, effects and assets thereof, held by them respectively in trust; that the defendant Albert Vandusen be required to pay plaintiff, as administratrix, such sums as shall, upon accounting, appear to be due the plaintiff on account of the interest of J. B. Fletcher in said co-partnership; that a receiver of said property, with the usual powers and duties, be appointed; that the defendants Albert, Louisa and Job Vandusen be restrained from selling, disposing of, or in any manner interfering with the property of said co-partnership; that the defendants Topping Gregg, Wiley and White be respectively restrained from delivering any property of said co-partnership in their possession to the order of Albert and Louisa Vandusen; that the defendants King, Winch, Bolter and Logan, respectively, be restrained from paying to said Albert and Louisa Vandusen, or their order, any part of the purchase price of the property of said partnership in their possession; that the defendants Riley and Dellone and McArther be restrained from taking and disposing of, or otherwise interfering with, the property of said co-partnership levied on under execution against Albert Vandusen, and that a writ of injunction issue accordingly against all of the defendants.

The petition was verified as follows:

"State of Iowa, Harrison County: I, Clara Fletcher, being first duly sworn, say that I am administratrix of the estate of J. B. Fletcher, deceased, and plaintiff in this action; that I

heard the foregoing petition read and know the contents thereof, and the statements therein are true, as I verily believe.

CLARA FLETCHER.

"Subscribed and sworn to before me, this 8th day of February, 1879.    J. W. BARNHART, *Notary Public.*"

On the 12th day of February, 1879, at Onawa, the Hon. C. H. Lewis, Judge of the 4th Judicial District, without before allowing the defendants an opportunity to show cause why an injunction should not be granted, they having no notice of the commencement of the action, or of the time and place of the application for an injunction, made and indorsed upon the petition an order that an injunction issue as prayed upon the filing of an approved bond in the sum of $1000, and that the hearing for the appointment of a receiver be fixed at Sioux City, March 20th, on fifteen days notice to the defendants.

On the 17th day of February, 1879, the petition and order were filed in the office of the clerk of the Harrison District Court, and an injunction was thereupon issued as prayed, which was duly served on the 18th, 19th and 21st days of February.

On the 17th day of June, 1879, the defendants Louisa and Albert Vandusen filed with Hon. C. H. Lewis, judge of Harrison District Court, in vacation, a motion to vacate the injunction as to all of the defendants, on the following grounds:

1.    Because it appears on the face of the petition that the injunction was, as to said parties, improperly granted.

2.    Because said injunction was granted without the appointment of a receiver to have charge of the property and collect the moneys mentioned in said petition, and without any order for such appointment.

3.    Because said petition shows the defendant Albert Vandusen to be the sole surviving member of the partnership therein alleged, and no receiver has been appointed to settle its affairs, on the application of said plaintiff.

The judge overruled the motion to vacate. The defendants Albert and Louisa Vandusen appeal.

Fletcher v. Vandusen.

*A. W. Clyde* and *J. C. Naylor*, for appellants.

*Smith & Kelley*, for appellee.

DAY, J.—I. It is urged at great length and with much earnestness that the petition is not supported by affidavit, within the meaning of section 3388 of the Code. It is insisted that a verification which in ordinary cases would be sufficient for a pleading, is not sufficient when the petition asks an injunction. We are of opinion that the motion to vacate the injunction does not fairly raise or present the question of the sufficiency of the verification.

II. It is claimed that the motion to dissolve the injunction should have been sustained, because at the time the injunction

1. PARTNER-SHIP: settlement of: injunction.
was issued no order for the appointment of a receiver of the property had been made. The record shows that the hearing of the application for the appointment of a receiver was postponed until the 20th of March, to be heard on notice to the defendants. The appointment of a receiver could not properly be made without notice. The motion to dissolve was not filed until June 17th. It is not shown that a receiver had not then been appointed. For aught that appears from the record the property was in the hands of a receiver at the time the motion to dissolve was filed. This objection to the continuance of the injunction is without merit.

III. It is urged that the petition does not allege facts authorizing the issuance of an injunction. The position is not tenable. The petition shows the plaintiff's interest in the property as administratrix, the insolvency of the principal defendants, that they are disposing of the property, and appropriating it to their own use, and that, unless the defendants be restrained by injunction as prayed, the property, effects and assets of the co-partnership are in danger of being wholly lost to the co-partnership and to the plaintiff as administratrix of the estate of J. B. Fletcher, deceased. These allegations authorize the issuance of an injunction as prayed.

AFFIRMED.